UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.K., N.Z., and R.P., individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DESERT CARE NETWORK, DESERT REGIONAL MEDICAL CENTER, INC., JFK MEMORIAL HOSPITAL, INC., PALM BEACH HEALTH NETWORK, PALM BEACH GARDENS COMMUNITY HOSPITAL, INC. D/B/A PALM BEACH GARDENS MEDICAL CENTER, TENET HEALTHCARE CORP., and TENET HEALTHSYSTEM MEDICAL, INC.,<br><br>    Defendants. | Case No. 2:23-cv-05021-SPG-PD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT [ECF NO. 54]** |

Before the Court is Defendants Desert Care Network ("DCN"), Desert Regional Medical Center, Inc. ("DRMC"), JFK Memorial Hospital Inc. ("JFK Memorial"), and Tenet Healthcare Corporation's ("Tenet," and, together with DCN, DRMC, and JFK Memorial, "Defendants") Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. (ECF No. 54 ("Mot.")). Plaintiffs timely opposed, (ECF No. 57

("Opp.")), and Defendants timely replied, (ECF No. 58 ("Reply")). Having considered the parties' submissions, the record in this case, and the relevant law, the Court finds the Motion appropriate for resolution without oral argument and GRANTS the Motion. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## I. BACKGROUND

### A. Factual Background

This case concerns purported data collection practices utilized by Defendants, who operate and are part of the Tenet health care facility network. (ECF No. 50 (Second Amended Complaint ("SAC") ¶¶ 2–7). The Court has previously discussed the underlying facts of this action at length. (ECF No. 49 at 2–4). As relevant to the current Motion, Plaintiffs B.K. and N.Z. (collectively, "Plaintiffs") are patients of Defendants who allege that Defendants installed Meta Pixel, a product sold by Meta Platforms, Inc. ("Meta"), on Defendants' websites and patient portal. (SAC ¶¶ 4–5). Plaintiffs allege that, as used by Defendants, Meta Pixel "tracks extremely sensitive [protected health information]" which is then collected and used by Meta to create "targeted advertising related to [users'] medical conditions and treatments sought." (*Id.* ¶¶ 12–13).[1]

Although Plaintiffs acknowledge that Meta has a formal policy of requiring entities that use Meta Pixel "to have the rights to collect, use, and share user data before providing any data to Meta," Plaintiffs also allege that Meta's intent in disseminating this policy is "questionable." (SAC ¶ 191). Additionally, Plaintiffs allege that they relied on specific privacy policies disseminated by Defendants in choosing to disclose their health information. (*Id.* ¶¶ 244, 261). In these privacy policies, Defendants represented that they "do not sell personal information that [they] have collected from consumers to any third parties" and that certain consumer information collected "by automated means . . . . does not identify [the consumer]." (*Id.* ¶ 143). Defendants also represented that they would obtain users' written authorization in the event that users' health information was sold or otherwise used for marketing purposes. (*Id.* ¶¶ 140–42).

---

[1] For a more detailed discussion of how Meta Pixel operates, see ECF No. 49 at 2–3.

### B. Procedural Background

Plaintiffs initiated this action on June 23, 2023. (ECF No. 1). Since then, the parties have litigated the adequacy of Plaintiffs' allegations; on February 1, 2024, the Court granted, in part, Defendants' October 27, 2023, motion to dismiss Plaintiffs' First Amended Complaint ("FAC").[2] (ECF No. 49). Plaintiffs filed the SAC on February 22, 2024. On March 21, 2024, pursuant to the parties' stipulation, (ECF No. 52), Defendants filed the instant Motion seeking dismissal of Plaintiffs' SAC, (Mot.). Plaintiffs timely opposed on May 1, 2024, (Opp.), and Defendants timely replied on May 15, 2024, (Reply).

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031

---

[2] Plaintiffs filed the FAC as of right on September 29, 2023, mooting Defendants' first round of motion to dismiss briefing. (ECF Nos. 23, 25, 31).

(9th Cir. 2008). The court is not, however, "required to accept as true allegations that contradict exhibits attached to the Complaint," nor must it accept "matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (citation omitted).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## III. DISCUSSION

Defendants move to dismiss five of Plaintiffs' eleven claims. Defendants again seek dismissal of Count 3, Plaintiffs' California Invasion of Privacy Act ("CIPA") claim, contending that Plaintiffs still fail to plead an underlying predicate violation by Meta. (Mot. at 7). Defendants also move to dismiss Counts 4, 7, 8, and 11—Plaintiffs' Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), California Penal Code § 496, and unjust enrichment claims, respectively—on the grounds that Plaintiffs fail to satisfy the heightened pleading standard required by Federal Rule of Civil Procedure 9(b). (*Id.*).

### A. Count 3: California Invasion of Privacy Act

Section 631(a) of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a), imposes direct liability for "three distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978). First, a defendant may be liable under Section 631(a) if it, "by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection . . . with any telegraph or telephone wire, line, cable, or instrument." *Swarts v. The Home Depot, Inc.*, 689 F. Supp. 3d 732, 743 (N.D. Cal. Aug. 30, 2023) (citation omitted).[3] Second,

---

[3] Courts have repeatedly concluded that this portion of Section 631 is limited to telegraphs and telephones and does not apply to communications made over the internet. *Heiting v.*

liability lies where a person "willfully and without consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit." *Id.* (citation omitted). Third, Section 631(a) imposes liability where a person "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained" as outlined above. *Id.* (citation omitted). Finally, in addition to these sources of direct liability, Section 631 also contains an aiding and abetting provision that imposes liability on anyone who "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above." *Id.* (citation omitted).

Here, as before, Plaintiffs seek relief under Section 631's aiding and abetting provision.[4] (SAC ¶¶ 330–48). Defendants again contend that Plaintiffs have failed to adequately allege an underlying predicate violation by Meta. (Mot. at 9–10). In opposition, Plaintiffs assert that they have adequately pleaded "that Meta's true *motive* was to gather and use" the information gathered through the Meta Pixel code embedded on Defendants' websites without users' consent. (Opp. at 17 (emphasis in original)). Plaintiffs argue that Meta knew no user would consent to the data collection alleged here, yet proceeded to use the data it received from Defendants to created targeted advertisements. (*Id.*). These arguments, however, lack support in the SAC. True,

---

*Taro Pharms. USA, Inc.*, --- F. Supp. 3d ---, No. 2:23-cv-08002-SPG-E, 2023 WL 9319049, at *2 (C.D. Cal. Dec. 26, 2023) (collecting cases).

[4] Although Plaintiffs assert in opposition that Count 3 also seeks to impose direct liability on Defendants, (Opp. at 16), the Court agrees with Defendants that Plaintiffs fail to advance a plausible interpretation of Count 3. In any event, because Section 631 exempts "from liability . . . a person who is a 'party' to the communication, whether acting under the color of law or not," *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020), the Court concludes that this dispute is immaterial to the Motion. *See also Heiting*, --- F. Supp. 3d ---, 2023 WL 9319049, at *3 ("[A]ny recording by Defendant directly, as opposed to vicariously through [a third party], would fall squarely within the party exception.").

Plaintiffs allege that the vast majority of Americans believe companies should be required to obtain internet users' affirmative consent before collecting and selling their data. (SAC ¶¶ 223–24). And Plaintiffs further plead that Meta intentionally received and used user data from Defendants. (*Id.* ¶ 336). But the SAC does not allege that Meta knew or should have known that the data it received from Defendants was collected without users' consent.

Accordingly, because Plaintiffs have failed to allege that Meta itself violated CIPA, the Court DISMISSES Count 3.

### B. Counts 4, 7, 8 & 11: Adequacy of Allegations Under Rule 9(b)

Defendants also move to dismiss certain of Plaintiffs' California state law claims on the grounds that Plaintiffs have failed to meet Rule 9(b)'s heightened pleading standard. (Mot. at 11–16). Plaintiffs do not dispute that Rule 9(b) applies to Count 8 (brought under California Penal Code § 496) and Count 11 (alleging unjust enrichment), or to Counts 4 and 7 (their UCL and CLRA claims) to the extent those claims rely on affirmative misrepresentations. (Opp. at 20–23, 26–30). They do, however, contend that a lower standard applies to Counts 4 and 7 to the extent those claims seek relief for alleged omissions. (*Id.* at 23–26).

When a party pleads a cause of action sounding in fraud, it is subject to the heightened pleading requirements of Rule 9(b), which requires that a party "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Complaints involving allegations of fraud must, at minimum, include allegations demonstrating the "who, what, when, where, and how" of the misconduct alleged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted), *superseded by statute on other grounds*. A complaint alleging affirmative misrepresentations must set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (citation omitted). Although Rule 9(b)'s heightened pleading standard is "somewhat relaxed" in the context of fraudulent omission, "a plaintiff alleging fraudulent omission or

concealment must still plead the claim with particularity." *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1325 (C.D. Cal. 2013).

To sufficiently plead a claim for fraudulent omission, plaintiffs must "establish a plausible method of disclosure and . . . establish that they would have been aware of information disclosed using that method." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1227 (9th Cir. 2015). Stated differently, "to plead the circumstances of omission with specificity[,] plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS (FEMx), 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (internal quotation marks and citation omitted).

In opposition, *see* (Opp. at 23–26), Plaintiffs assert that the SAC adequately alleges the "who, what, when, where, and how" of the alleged misrepresentations, *Cooper*, 137 F.3d at 627 (citation omitted). The SAC directly quotes language from Defendants' privacy policies promising that "[w]e do not sell personal information that we have collected from consumers to any third parties" and that "certain information" collected "by automated means . . . . does not identify you." (SAC ¶ 143). Plaintiffs also describe certain representations made in Defendants' notices of privacy practices, including that Defendants would obtain users written authorization in the event that their health information was sold or otherwise used for marketing purposes. (*Id.* ¶¶ 140–42). The Court concludes that Plaintiffs have established the "who" (Defendants), "what" the alleged misrepresentations were, as well as "where," and "how" Defendants allegedly made these misrepresentations. But the SAC still lacks information about *when* Plaintiffs allegedly relied on Defendants' privacy policies. In opposition, Plaintiffs assert that Plaintiffs relied on these statements "at the relevant times." (Opp. at 21). This vague contention falls far short of the particularity required under Rule 9(b), which "requires the identification of the circumstances constituting fraud so that the defendant can prepare an

adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986) (citation omitted).

To the extent Plaintiffs seek relief for alleged omissions, these claims, too, fail. Although the Court agrees with Plaintiffs that, generally, "a plaintiff in a fraudulent concealment suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim," *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007) (internal quotation marks and citation omitted), here, the SAC lacks any allegations concerning the time of Defendants' alleged omissions.[5] Because Plaintiffs still have not cured the Rule 9(b) defects previously identified by the Court, the Court DISMISSES Counts 4, 7, 8, and 11.

### C. Leave to Amend

Leave to amend should generally be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have discretion to deny leave to amend, however, when amendment would be futile. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). A "district court's discretion in denying amendment is particularly broad when it has previously given leave to amend." *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation marks and citation omitted). *See also Nat'l Funding, Inc. v. Com. Credit Counseling Servs.*, 817 Fed. Appx. 380, 385; *Motodani v. MoneyGram Payment Sys., Inc.*, No. 2:22-cv-00664-FWS-MRW, 2022 WL 17254355, at *3 (C.D. Cal. Oct. 24, 2022) (denying leave to amend where "Plaintiff has had two previous opportunities to amend the Complaint in this action, but its amended iterations have not remedied the repeated deficiencies in the then-operative versions described by the court's previous two orders").

---

[5] Defendants also contend that Plaintiffs have failed to establish Defendants' duty to disclose. (Mot. at 14–15). The Court concludes that, notwithstanding the above-mentioned Rule 9(b) defects, given Defendants' representations in its privacy notices and policies, the data collection at issue is likely the kind of material fact that can create a duty to disclose under California law. *See Warner Constr. Corp. v. City of L.A.*, 2 Cal. 3d 285, 294 (1970).

Here, Defendants seek dismissal without leave to amend, contending that Plaintiffs' failure to remedy the deficiencies the Court previously identified demonstrates futility. (Mot. at 17). Plaintiffs oppose. (Opp. at 30). Here, Plaintiffs' amendment as of right notwithstanding, the Court has addressed Plaintiff's pleadings only once before, and the Court is not yet convinced that amendment would be futile. The Court cautions Plaintiffs, however, that, if they choose to file another complaint, Plaintiffs must cure the deficiencies in their pleadings identified by the Court in this and prior orders. If Plaintiffs again fail to remedy the issues identified by the Court, any subsequent request for dismissal will be granted with prejudice. *See Nat'l Funding*, 817 Fed. Appx. at 385 (upholding dismissal where the amended "complaint failed to cure the deficiencies explicitly identified by the district court in its prior order").

## IV.   CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' Motion to Dismiss and DISMISSES Counts 3, 8, and 11. The Court also DISMISSES Counts 4 and 7, to the extent those claims are based on allegations of fraudulent misrepresentations or fraudulent concealment. Because it is not yet clear that amendment would be futile, the Court dismisses Counts 3, 4, 7, 8, and 11 with one last opportunity to amend. Should Plaintiffs seek to amend the SAC, they must file any Third Amended Complaint within twenty-one (21) calendar days from the issuance of this order, along with a redline copy of the amended complaint showing all modifications made to the SAC.

**IT IS SO ORDERED.**

DATED: August 22, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE