Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| B.K., and N.Z., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>   v.<br><br>DESERT CARE NETWORK, DESERT REGIONAL MEDICAL CENTER, INC., JFK MEMORIAL HOSPITAL, INC., and TENET HEALTHCARE CORPORATION,<br><br>Defendants. | Case No. 2:23-cv-05021-SPG-PD<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

WHEREAS, Plaintiffs B.K. and N.Z. (collectively, "**Plaintiffs**"), and Defendants Desert Care Network, Desert Regional Medical Center, Inc., JFK Memorial Hospital, Inc., and Tenet Healthcare Corporation, (collectively, "**Defendants**"), ("Plaintiffs" and "Defendants" together are herein known as the "**Parties**"), agree that the proceedings in the above-referenced matter may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, personally identifiable information, protected health information, documents and other materials;

WHEREAS, the Parties agree that such "Confidential" or "Highly Confidential" information should only be disclosed pursuant to the terms of this Stipulated Protective Order ("**Order**");

WHEREAS, the Parties agree that the confidential nature of certain information, particularly sensitive commercial, financial, or business information, personally identifiable information, and protected health information, establishes good cause for the issuance of this Order;

WHEREAS, the Parties acknowledge that this Order does not confer blanket provisions on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles; and

WHEREAS, the Parties further acknowledge, as set forth in Section 13 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and standards that will be applied when a party seeks permission from the court to file material under seal.

**THEREFORE**, the Parties seek entry of an Order, governing the disclosure of documents and information therein designated as "Confidential" or "Highly Confidential" on the terms set forth herein, as well as an Order, governing the return

1

STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

of privileged information, documents, and data and affording the Parties certain protections on the terms set forth herein.

Accordingly, it is **ORDERED**:

## 1.1 <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve sensitive commercial, financial, or business information, personally identifiable information, and protected health information. Due to the nature of this case concerning transmission of protected health information, among other information, via Meta Pixel technology, the materials and information sought may involve sensitive, confidential health information. Such information is unavailable to the public and protected by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**").[1] Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential or withheld for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2. <u>DEFINITIONS</u>

2.1    The below terms, as used herein, shall be defined as follows:

a.    "Action" shall refer to the above-captioned action.

---

[1] By way of this Order, Defendants do not in any way admit or concede that any of the information purportedly collected or transmitted via any of the technologies identified in Plaintiffs' Complaint constitutes personally identifying information or protected health information.

2

STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050   F: (213) 788-4070  |  clarksonlawfirm.com

b.    "Confidential Information" shall mean information that a Designating Party identifies as "Confidential." Only information meeting the following criteria may be designated as "Confidential" (unless the parties expressly agree otherwise): Information (regardless of how generated, stored, or maintained) that the Designating Party in good faith believes: (i) comprises trade secrets or commercial information of the Designating Party that is not publicly known and is of technical or commercial advantage to its possessor; (ii) contains sensitive Personal Identifying Information or Protected Health Information; or (iii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality.

c.    "Designating Party" shall mean the Party or Non-Party that designates information produced in this Action as "Confidential" or "Highly Confidential."

d.    "Expert" shall mean any individual with specialized knowledge or expertise who is retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action.

e.    "Highly Confidential Information" shall mean information that a Designating Party identifies as "Highly Confidential." Only information meeting the following criteria may be designated as "Highly Confidential" (unless the Parties expressly agree otherwise): (1) highly sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) highly sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products or services, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products or services and strategic planning, or (5) any other protected information the disclosure of which to non-qualified people subject to this Order the Producing Party reasonably and in good faith believes would

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

likely cause harm. Defendants contend that some of the information, data, and documents that could potentially be relevant to this action may contain certain highly proprietary and financially sensitive information relating to Defendants' business practices, including marketing efforts, that is competitively sensitive.

f.    "Personal Identifying Information" or "PII" includes every data element protected by state or federal law including, but not limited to, name, payment card numbers, financial account numbers, Social Security numbers, addresses, phone numbers, email addresses, driver's license numbers or other state identification numbers, Employer Identification numbers, Tax Identification numbers, passport numbers, or a foreign government equivalent of any of these numbers or identifiers.

g.    "Privileged Material" means material protected by the attorney-client privilege or the attorney work product doctrine, or otherwise privileged or protected under applicable law.

h.    "Protected Health Information" or "PHI" shall have the same definition as the definition of "Protected Health Information" under 45 C.F.R. § 160.103 provided, including but not limited to details about an individuals' medical conditions, treatments, medical providers sought, and appointments made, however, that a Party's treatment of information as PHI within the terms of this Order shall not be construed as a concession or admission that such information qualifies as PHI under any statute, regulation, or other law.

i.    "Producing Party" shall mean a Party or Non-Party that produces information in the Action.

j.    "Protected Material" shall refer to any information designated as "Confidential" or "Highly Confidential" pursuant to this Order.

k.    "Receiving Party" shall mean a Party that receives information from a Producing Party in the Action.

l.    "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4

STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

m.    "Professional Vendors" shall refer to individuals or entities engaged by a Party or its counsel to provide litigation support services with respect to this Action (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters), as well as their employees, independent contractors, and subcontractors.

**3. SCOPE**

3.1    The protections conferred by this Order cover not only Protected Material but also any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel to or in Court or in other settings that might reveal Protected Material. Nothing herein shall: (i) prevent a Producing Party from using or disclosing its own discovery material in any manner; (ii) restrict the use or disclosure of any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; or (iii) impose any restrictions on the use or disclosure by a person of documents, materials, or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.2    The production of any discovery material by any Non-Party shall be subject to and governed by the terms of this Order. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

3.3    In the event that additional Parties join or are joined in this Action, they shall not have access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

5

material until the newly joined Party by its counsel has executed its agreement to be fully bound by this Order.

## 4. DESIGNATION OF PROTECTED MATERIAL

Exercise of Restraint and Care in Designating Material for Protection: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4.1  Manner and Timing of Designations:  Except as otherwise provided in this Order, all information, documents, and data to be designated as Protected Material must be clearly designated as such prior to any disclosure of same. Designations shall be made in the following manner:

a.    Protected Material produced in documents shall be marked with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page that contains Protected Material. If only a portion of the material on the page qualifies for designation as Protected Material, that portion shall be clearly designated as Protected Material and the level of protection asserted for each such portion must be specified. Documents produced in native formats will have Confidentiality Designations indicated in the production file name or as specified in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. Should the Parties need to identify which portions of a native document qualify as Protected Material, they will meet and confer to resolve the issue.

b.    Protected Material disclosed in testimony (in depositions, pre-trial proceedings, or trial proceedings) shall be designated as Protected Material on the record, before the close of the deposition, hearing, or other proceeding, or within

6

STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

thirty (30) days of receiving such transcript, and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Order. Any portion of the transcript, or exhibits thereto, that is not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

        i.    Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    c.    Protected Material disclosed in any form other than a document or testimony must be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, in a prominent manner and in a manner that specifies only those portions of the information or data disclosed that are subject to the designated protection level. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    **4.2**   <u>Inadvertent Failures to Designate:</u> An inadvertent failure to designate qualified information, documents, or data as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not, standing alone, constitute a waiver of the Designating Party's right to secure protection for such material under this agreement. If a Designating Party fails to designate information, documents, or data disclosed as Protected Material at the time of disclosure, that Designating Party shall make all reasonable efforts to timely designate the Protected Material and to identify the

STIPULATED PROTECTIVE ORDER

specific portion of the information, documents, or data disclosed to be designated as Protected Material and the level of protection to be accorded same. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to assure that any additional material designated as Protected Material is treated in accordance with the provisions of this Order from that point forward.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1  <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2  <u>Meet and Confer</u>: Pursuant to Local Rule 37.1 *et seq.*, the Challenging Party shall initiate the dispute resolution process to challenge either the designation of information, documents, or data as Protected Material. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. If the Parties are unable to resolve the dispute, the Designating Party shall file a discovery motion to uphold the challenged designation, in accordance with the assigned Magistrate Judge's requirements with respect to filing discovery motions.

5.3  The burden of persuasion in any such challenge proceeding remains with the party asserting such confidentiality (i.e., the Designating Party). Moreover, frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1  The Receiving Party shall keep all Protected Material secure except as permitted below and shall take reasonable efforts to place such documents in a secure area and limit access to the Protected Material to the extent reasonably necessary for this Action. A Receiving Party shall limit copying or other reproduction of Protected Material and may reproduce Protected Material only where it is reasonably necessary for the transmission of Protected Material to qualified recipients or for the use of Protected Material by qualified recipients in connection with this case. Any such copies shall be classified Protected Material and subject to all the terms and conditions of this order.

6.2  The Receiving Party may only use Protected Material for the purpose of prosecuting, defending, or attempting to resolve the Action, and the Protected Material may only be disclosed in the manner and to the categories of recipients identified below. Until the Action is concluded, all Protected Material must be maintained and stored consistent with its designation.

6.3  Every person to whom "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder.

6.4  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    i.    The Parties and the Receiving Party's Outside Counsel of Record in this action, as well as agents and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, including their affiliated attorneys, paralegals, clerical, and secretarial staff employed by

9

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

such attorneys who are actively involved in this Action provided, however, that each non-lawyer given access to Confidential Protected Materials shall be advised that such Protected Materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

ii.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

iii.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

iv.     The Court and its personnel;

v.      stenographic reporters, videographers, and translators and/or their staff (whether at depositions, hearings, or any other proceeding);

vi.     professional jury or trial consultants or mock jurors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

vii.    Professional Vendors to whom disclosure is reasonably necessary for this Action and, if feasible, who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

viii.   a Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action, who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

ix.  A mediator jointly retained by the Parties and the mediator's personnel;

x.  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or reasonably knew the information, provided, however, that former employees of Defendants shall be required to sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

xi.  Any deposition, or pre-trial hearing witnesses in the Action, to whole disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed between the Parties, or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; or

xii.  Any deposition or pre-trial hearing witness in the action who previously has had access to the Confidential Protected Materials, or whose testimony regarding such materials is reasonably necessary and/or who has had access to such materials at any point;

xiii.  Any other person that the Designating Party agrees to in writing.

6.5  All disclosures of Protected Material marked "HIGHLY CONFIDENTIAL" are to be limited. Unless otherwise ordered by the court or permitted in writing, a Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

i.  The Receiving Party's Outside Counsel of Record in this action, as well as agents and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

11

STIPULATED PROTECTIVE ORDER

Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

ii.  House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

iii.  Experts (as defined in this Order) to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

iv.  The Court and its personnel;

v.  Stenographic reporters, videographers, and translators and/or their staff (whether at depositions, hearings, or any other proceeding);

vi.  Professional jury or trial consultants or mock jurors, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

vii.  Professional Vendors, such as litigation support and copy vendors, to whom disclosure is reasonably necessary for this litigation;

viii.  A Party's insurer and its staff who have responsibility for the insurer's obligations in connection with the Action who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

ix.  A mediator jointly retained by the Parties and the mediator's personnel; or

x.  The author or recipient of a document containing Protected Material provided, however, that former employees of Defendants shall be required to sign the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

12
STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

xi.    Any witness that Defendants designates as a corporate representative in connection with a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

xii.    any other person that the Designating Party agrees to in writing

6.6    If any Protected Material (or any pleading, motion, or memorandum disclosing them) is proposed to be filed or is filed with the Court, the filing party shall follow this Court's procedures to file documents under seal.

6.7    The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

6.8    Any privileged information or PII/PHI that is contained within information, documents, or data being filed in this Action may be redacted to the extent practicable or as subject to the provisions concerning redactions in any Stipulated Protocol on the Discovery of Electronically Stored Information the Parties may enter into. The Parties will comply with the Court's procedures regarding the redaction or sealing of PII/PHI whenever filing documents with the Court.  If the Receiving Party contests the Designating Party's redactions, then the Parties will adhere to the process outlined in Section 5. The Producing Party will retain the burden of establishing the propriety of the redactions.

# 7.    CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1    If a Party is served with a subpoena or a court order issued in other litigation or proceedings before any administrative or legislative body that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

a.    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

13

subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

      c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

7.2   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the appropriate court, unless the Party has obtained the Designating Party's permission or if the subpoena or court order compels, under threat of sanctions, earlier production. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**8.   <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>**

8.1   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

8.2   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)   Promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)   Promptly provide the Non-Party with a copy of the Stipulated

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

14

Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    Make the information requested available for inspection by the Non-Party.

8.3    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity not authorized to receive the Protected Material under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or entity to whom the unauthorized disclosures were made of the terms of this Order, and (d) request the person or entity to whom the Protected Material was disclosed to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

10.1 Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the inadvertent or unintentional disclosure of Privileged Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege (including work-product immunity), either as to the specific

15

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

information disclosed or as to any other related information. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

10.2 This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

10.3 If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

10.4 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 11. HANDLING OF PROTECTED HEALTH INFORMATION

11.1 This Order is applicable to the Parties, any additional Parties joined in this Proceeding, and any Non-Parties required to respond to discovery in the Proceeding, for the sole purpose of facilitating discovery in the Proceeding and protecting the confidentiality and other interests of the Parties and third-parties throughout the course of the Proceeding including, but not limited to, trial. This Order authorizes the Parties and any and all Covered Entities to disclose information protected by the Health Insurance Portability and Accountability Act of 1996 ("**HIPAA**"), as amended by the Health Information Technology for Economic and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

16
STIPULATED PROTECTIVE ORDER

Clinical Health Act (the "**HITECH Act**"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "**HIPAA Rules**"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information and personal health information (collectively with HIPAA Rules, the "**Privacy and Security Rules**"). This Order constitutes a HIPAA Qualified Protective Order, as that term is defined in the Privacy and Security Rules. The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Order for any purpose other than this Proceeding.

11.2 Covered Entities as used herein, means those entities as defined by 45 C.F.R. §160.103. Protected Health Information as used herein, means protected health information, as that term is used in HIPAA and the Privacy Standards defined in 45 C.F.R. §§160 and 164. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, information reflecting the past, present, or future physical or mental health or condition of an individual, medical records, and documents based on or derived from Protected Health Information, regardless of form or format.

11.3 <u>Safeguards for Protected Health Information.</u> The Parties also seek to ensure that any person who receives and stores Protected Health Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Health Information, and to prevent unpermitted use or disclosure of any Protected Health Information they may receive from any person in connection with this Proceeding. At a minimum, all Parties and persons or entities who might receive Protected Health Information (including all signatories to **Exhibit A** of this Order) agree that they will: (1) comply with the Privacy and Security Rules; (2) establish contractual controls that require any

STIPULATED PROTECTIVE ORDER

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

vendors, experts, or third parties that might receive Protected Health Information to comply with the Privacy and Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of any such vendors, experts, or third parties comply with the Privacy and Security Rules.

11.2 The Parties and their counsel to the Action are hereby authorized to receive and transmit PHI for the limited purpose of prosecuting and defending this Action, including during discovery, at depositions, hearings, or other proceedings in this matter. The Parties shall be permitted to use the PHI in any manner reasonably connected with the Action, including, but not limited to, disclosure to their attorneys, insurers, claims managers, experts, and consultants, the court, necessary court personnel, court reporters, copy services, trial consultants, jurors, any appellate court, and other persons and entities involved in the litigation process.

11.3 All PHI produced or disclosed in the Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action and shall not be used for any other purpose other than this Action. 45 C.F.R. § 164.512(e)(1)(v)(A).

11.4 This Order recognizes that it is not practicable to identify and contact all individuals whose names or privileged information may be contained in such records and that redaction of all such information would be extremely difficult and would delay the proceedings in this Court. Therefore, this Order expressly authorizes the disclosure of PHI of Non-Party individuals and Non-Party companies notwithstanding any privilege or confidentiality afforded under state law. That said, as an additional layer of protection, a Producing Party may, but is not required to, redact PHI from any documents. If the Receiving Party contests the Designating Party's redactions, then the Parties will adhere to the process outlined in Section 5. The Producing Party will retain the burden of establishing the propriety of the redactions.

11.5 The Parties agree that any unredacted PHI contained in documents produced shall be treated as "HIGHLY CONFIDENTIAL", pursuant to the terms of

18

STIPULATED PROTECTIVE ORDER

this Order. Absent an Order of this Court, neither Party nor their counsel shall use PHI obtained solely from documents produced in this Action to contact any individual.

11.6 In accordance with Sections 12.3 and 12.4, all identified PHI will be either returned to the Producing Party or destroyed.

**12. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>**

12.1  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

12.2  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

12.3   Within 30 days of the final disposition of this Action, the Producing Party must submit a written request to the Receiving Party, (1) specifying their preference for either the return or destruction of the identified Protected Materials, and (2) identifying the Protected Materials to be returned or destroyed. Within 30 days thereafter, each Receiving Party must return all identified Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

12.4 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline following the Producing Party's written request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

19

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), expert reports, legal memoranda, correspondence, hearing and trial transcripts, exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, even if such materials refer or are related to any "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information, for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Order and all of the protections set forth herein. The Receiving Party will comply with all laws that apply to its use, disclosure, storage and processing of the personal information provided to it by the other party hereunder and shall at all times protect the personal information with reasonable and appropriate administrative, technical and physical security controls.

**13. <u>ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE.</u>**

13.1 The parties acknowledge that this Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

20

as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause. 13.3    Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 14. <u>MISCELLANEOUS PROVISIONS</u>

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 <u>Modification</u>. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Stipulated Order or to modify this Stipulated Order at any time in the interest of justice.

14.3 <u>Right to Assert Other Objections</u>. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. By stipulating to the entry of this Order, no party waives any right it would have otherwise to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any material covered by this Order. Nothing herein shall be construed or presented as an admission or judicial determination that any document or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is relevant, admissible, or entitled to protection under the Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14.4  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Dated: December 20, 2024                 **CLARKSON LAW FIRM P.C.**

By: _/s/ Yana Hart_
      Ryan Clarkson, Esq.
      Yana Hart, Esq.
      Tiara Avaness, Esq.
      Mark I. Richards, Esq.

**ALMEIDA LAW GROUP LLC**
      Matthew J. Langley, Esq.
      John R. Parker, Jr, Esq.
      3550Watt Avenue, Suite 140
      Sacramento, CA 95821
      Tel: (916) 616-2936

      *Attorneys for Plaintiffs*


Dated: December 20, 2024                 **ALSTON & BIRD LLP**

By: _/s/ Rachel E. K. Lowe_
      Scott A. Elder, Esq.
      Rachel E. K. Lowe, Esq.
      Gillian H. Clow, Esq.

      *Attorneys for Defendants*


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 20, 2024

      Hon. Patricia Donahue
      United States Magistrate Judge

22

STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *B.K. et. al. v. Desert Care

Network, et. al.*, Case No. 2:23-cv-05021-SPG-PD. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full

name] of _____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

23

STIPULATED PROTECTIVE ORDER